UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 03-4628

CARLOS BENITEZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CR-02-10105)

Submitted: February 9, 2004

Decided: April 6, 2004

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

J. Thadieu Harris, III, Wise, Virginia, for Appellant. John L. Brownlee, United States Attorney, R. Lucas Hobbs, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Following a jury trial, Carlos Benitez was convicted of being an inmate in possession of a prohibited object (marijuana), in violation of 18 U.S.C. § 1791(a)(2) (2000). The district court sentenced Benitez to fifty-one months of imprisonment, to be followed by a three-year term of supervised release.

Benitez's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but raising the issue of whether the district court erred in denying Benitez's motion for a judgment of acquittal. Benitez raised the same issue in his pro se supplemental brief and also claimed that the district court erred in admitting expert testimony. In addition, Benitez claimed that his attorney was ineffective for: (1) failing to challenge the indictment based on collateral estoppel and grand jury misconduct; (2) failing to seek a pre-trial *Daubert* hearing;* (3) failing to object to evidence relating to the weight of the marijuana; (4) failing to conduct pre-trial investigation to determine the need for an expert witness; and (5) failing to raise a *Daubert* issue in the *Anders* brief. Benitez also requested appointment of new counsel because his appellate counsel is the same attorney who represented him at trial.

We review de novo a district court's decision to deny a motion for judgment of acquittal. *United States v. Gallimore*, 247 F.3d 134, 136 (4th Cir. 2001). When, as here, the motion challenges the sufficiency of the evidence at trial, the relevant question is whether, taking the view most favorable to the Government, there is substantial evidence to support the jury verdict. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996).

To prove a violation of 18 U.S.C. § 1791(a)(2), the Government

---

*\*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

had to establish that Benitez: (1) was an inmate of a prison; and (2) possessed a prohibited object. Under 18 U.S.C. § 1791(d)(1)(B), a prohibited object includes marijuana. We have reviewed the record and conclude that the evidence was sufficient for a jury to conclude that Benitez was an inmate in possession of marijuana, a prohibited object. We also conclude that the district court did not err in admitting expert testimony, *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993), and Benitez's claims of ineffective assistance of counsel should be brought, if at all, in a proceeding under 28 U.S.C. § 2255 (2000), because the record in this appeal does not conclusively establish ineffective assistance of counsel. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

In accordance with the requirements of *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we deny Benitez's request for appointment of new counsel and affirm Benitez's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*